1   WO

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9   Patricia Piburn,                              No. CV-13-08271-PCT-GMS

10                        Plaintiff,              **ORDER**

11  v.

12  Lynnell Levingston, et. al.,

13                        Defendants.

14

15        On November 13, 2013, Defendants Jonathan Patrick Alter and Lynnell

16  Levingston filed a notice of removal to this Court of case number CV-2011-237 from the

17
18  Superior Court of Arizona in and for the County of Apache.  For the reasons set forth

19  below, this case is remanded to Apache County Superior Court.  As a result of this

20  remand, the Applications to proceed in District Court Without Prepaying Fees or Costs

21
22  filed by both Alter (Doc.  2) and Levingston (Doc. 3) are moot, and are denied as such.

23        The Notice of Removal fails to establish that this Court has, or would have had,

24  jurisdiction over Plaintiff's First Amended Complaint.  (Doc. 1 Ex. 7 at pps. 63-69).

25
26  Federal courts are courts of limited jurisdiction; they have subject-matter jurisdiction

27  only over those matters specifically authorized by Congress or the Constitution.

28  *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). A party may remove an

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

action from state court only if the action could have been brought in the district court originally. *Ramirez v. Fox Television Station, Inc.,* 998 F.2d 743, 747 (9th Cir. 1993). But the party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Further, the removal statute is strictly construed against removal jurisdiction. *Id.* (citing *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988)). There is a "strong presumption" against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

The Notice of Removal claims that this Court has jurisdiction both under federal question and diversity jurisdiction.  It is incorrect on both counts.  In the Notice, the removing Defendants assert that Defendant Levingston has a defense against some or all of the claims that Plaintiff Piburn makes against her because the debts that are the subject of the Amended Complaint were discharged in a federal bankruptcy proceeding.  "Since Piburn, in the Complaint – is seeking damages arising from the CV 2008-267 case-debts that have been discharged in bankruptcy; it has become a Federal matter to be addressed in Federal Court."  This assertion, however, is incorrect.  While a discharge in a federal bankruptcy proceeding could constitute a defense in whole or in part to Piburn's claims, the assertion of a federal defense to a state-law claim does not convert the state-law claim into one "arising under" federal law for purposes of federal question jurisdiction. *See Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (discussing the "well-pleaded complaint rule").  Therefore, the Court has no federal question jurisdiction. *See* 28 U.S.C. § 1331 (conferring on federal courts subject-matter

- 2 -

jurisdiction over cases arising under federal law).

To the extent that the Notice of Removal purports to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332, the requirements for diversity jurisdiction are also not satisfied.  To invoke the Court's diversity jurisdiction, a defendant must show both that none of the Defendants are residents of the same state as the Plaintiff, and that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction).  In the notice of removal, the removing Defendants set forth that Defendant Alter is a resident of the state of California and hence not a resident of the same state as Defendant Piburn.  The suit however, is not brought only against Alter; it is also brought against Levingston who is a resident of Apache County, The Levingston Family Trust and the M & R Irrevocable Trust which is apparently the equitable owner of a parcel of real estate in Apache County.  Neither of the Removing Defendants in their statement of jurisdiction that is required by 28 U.S.C. § 1446 set forth any credible basis on which this Court could find that it has diversity jurisdiction over the parties; this is especially true in light of what the voluminous litigation records, filed with the notice of removal, reveal concerning the history and status of this litigation in state court.

**IT IS THEREFORE ORDERED** that this action is remanded for lack of subject matter jurisdiction.  The Clerk of the Court is directed to remand this action back to the Superior Court of Arizona in and for the County of Apache.

/ / /

/ / /

/ / /

- 3 -

1    **IT IS FURTHER ORDERED** that Defendants' Motions to Proceed In Forma

2    Pauperis (Docs. 2, 3) are denied as moot.

3

4         Dated this 21st day of November, 2013.

5

6

7                                    /G. Murray Snow

8                                    United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -